TO BE PUBLISHED

# Supreme Court of Kentucky

### 2014-SC-000300-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


SUZANNE PRIEUR LAND                                    RESPONDENT
KBA Member No. 90752


## OPINION AND ORDER

Suzanne P. Land was admitted to practice law in the Commonwealth of Kentucky on June 3, 2005. Her bar roster address is 2231 Hawes Drive, Hebron, Kentucky 41048, and her KBA number is 90752. The Ohio Supreme Court indefinitely suspended Land from the practice of law on March 27, 2014.[1] On June 9, 2014, the Kentucky Bar Association (KBA) filed a petition asking this Court to order Land to show cause why we should not impose reciprocal discipline and, in the event we found cause lacking, to impose that discipline pursuant to Supreme Court Rule (SCR) 3.435. On September 18, 2014, we issued a show cause order. Land has not responded; therefore, we grant the KBA's petition to impose reciprocal discipline.

---

[1] *Disciplinary Counsel v. Land,* 6 N.E.3d 1183 (Oh. 2014)

# I. BACKGROUND.

Land's Ohio discipline arose from her handling of three estates. We briefly set forth below what occurred.

## 1. The Hassman Estate.

During his life James Hassman personally guaranteed lines of credit through First Financial Bank for two businesses, and he purchased a condominium. At the time of Hassman's death, there was an outstanding balance on the First Financial Bank lines of credit and an outstanding mortgage of approximately $800,000 on the condominium. The administrator of Hassman's estate transferred funds from one of the companies and depleted the estate account in order to pay off the mortgage. First Financial Bank then sued the estate and the estate brought a legal malpractice claim against Land and her law firm. In that malpractice claim, the estate alleged that Land had either directly advised the administrator to pay off the mortgage or had failed to advise the administrator against doing so. In her defense, Land claimed that she had advised the administrator against paying off the mortgage, and she fabricated an e-mail to that effect, making it look as if she had sent the e-mail to the administrator two years earlier. During the malpractice litigation, a document examiner confirmed the fabrication, and Land eventually admitted to the fraud.

## 2.   The Lienhart Estate.

As part of an estate plan for Frank Lienhart, Land drafted a limited liability operating agreement which was supposed to result in a savings in estate taxes. After Lienhart's death, the Internal Revenue Service (IRS) found that the language in the operating agreement was deficient, and it denied the tax benefit, costing the estate approximately $200,000. Land then created an "amendment" to the operating agreement to correct the deficiency. She dated the amendment for a time prior to Lienhart's death; forged Lienhart's and his son's signatures on the amendment; and submitted the amendment to the IRS along with her affidavit authenticating the amendment. Land ultimately admitted to the fraud.

## 3.   The Schloss Estate.

Land created a similar operating agreement for Milton Schloss and, because of the agreement's deficiencies, the estate suffered an additional $600,000 to $700,000 tax liability. As she did in the Lienhart estate, Land attempted to hide her mistake by creating an amendment to the operating agreement. Land sent to the IRS the fraudulent amendment, her affidavit authenticating the amendment, and letters to the client and a business appraiser which she had fabricated. Again, Land ultimately admitted to the fraud.

## 4.    The Ohio Disciplinary Proceedings.

Based on her actions in the above referenced estate matters, Land pled guilty in March 2012 to corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Code. In August 2012, a federal court sentenced her to five years probation.

When the Ohio Supreme Court received notification of Land's conviction, it imposed an interim felony suspension. Thereafter, the Ohio disciplinary counsel filed a complaint against Land alleging that she had violated a number of the Ohio Rules of Professional Conduct (Prof.Cond.R.).[2] A panel of the Ohio Board of Commissioners on Grievances and Discipline (the Board of Commissioners) conducted a hearing and heard testimony from Land, two character witnesses, and a licensed social worker from the Ohio Lawyers Assistance Program (OLAP). During the hearing, Land testified that, at the time of her misconduct, she was abusing alcohol and prescription anti-anxiety medication in order to deal with the stresses of work. The OLAP social worker testified that Land had undergone an assessment, and Land's therapist testified about the treatment being provided to Land.

---

[2] The disciplinary counsel alleged that Land violated Prof.Cond.R. 8.4(b) ("commit[ting] an *illegal* act that reflects adversely on the lawyer's honesty or trustworthiness"); 8.4(c)("engage[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation"); 8.4 (d)("engage[ing] in conduct that is prejudicial to the administration of justice"); and 8.4(h)("engage[ing] in any other conduct that adversely reflects on the lawyer's fitness to practice law"). Kentucky does not have a counterpart to Ohio Rule 8.4(h); however, the other three Ohio Rules are similar to SCR 3.130-8.4(b) and (c).

4

Following the hearing, the Board of Commissioners found Land had violated Prof.Cond.R. 8.4(b),(c),(d), and (h). The Board of Commissioners also found Land had been cooperative, had no prior disciplinary record, and had produced evidence of good character and reputation. Based on the evidence and stipulations entered into by Land and the Board of Commissioners, the parties agreed Land should be indefinitely suspended from the practice of law, and she should not be permitted to apply for reinstatement of her license until she completes her federal probation. Furthermore, the Board of Commissioners recommended that, prior to reinstatement, Land must present proof she completed her contract with OLAP or is in compliance with that contract, and that she is continuing to receive therapy or that a therapist has determined that therapy is no longer necessary. The Ohio Supreme Court adopted the Board of Commissioner's findings and imposed the recommended discipline.

**5.     The Kentucky Disciplinary Proceedings.**

Pursuant to SCR 3.166, the KBA notified this Court of Land's felony conviction, and we automatically suspended her license on August 14, 2012. Pursuant to SCR 3.435, Land notified the KBA of the March 2014 order of the Ohio Supreme Court indefinitely suspending her license. The KBA then moved this Court to impose reciprocal discipline.

Land is subject to identical reciprocal discipline in the Commonwealth of Kentucky unless she proves by substantial evidence: (a) a lack of jurisdiction or

5

fraud in the Ohio disciplinary action; or (b) that her misconduct warrants substantially different discipline in this Commonwealth. SCR 3.435(4). We have no grounds to find a lack of jurisdiction or fraud in the Ohio disciplinary action. Furthermore, we do not find any reason to impose substantially different discipline in Kentucky. Therefore, Land is indefinitely suspended from the practice of law in Kentucky. If Land seeks and receives reinstatement of her license in Ohio, she may seek reinstatement of her license in the Commonwealth. As in Ohio, any reinstatement is contingent on Land completing her federal probation, her compliance with her OLAP contract, and her continued or successful completion of therapy.

ACCORDINGLY, IT IS ORDERED THAT:

1.     Suzanne P. Land is SUSPENDED from the practice of law in the Commonwealth of Kentucky until she demonstrates that her suspension from the Ohio Supreme Court has been lifted. At that time, Land may apply for reinstatement pursuant to SCR 3.510;

2.     Pursuant to SCR 3.390, Land shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that she was already suspended from the practice of law;

3.     Pursuant to SCR 3.390, Land shall, to the extent possible and necessary, immediately cancel and cease any advertising activities in which she is engaged;

4.     Pursuant to SCR 3.390, Land shall not, during the term of suspension, accept new clients or collect unearned fees; and

5.     In accordance with SCR 3.450, Land shall pay all costs associated with these disciplinary proceedings against her and for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J; Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.

ENTERED: February 19, 2015.

_____
CHIEF JUSTICE

7